DANIEL S. WITTER *et al.*, plaintiffs in error, *v.* ISRAEL MCNIEL, defendant in error.

*Error to Hancock.*

Where a contract, under seal, was in the handwriting of one joint contractor, and signed and sealed in a partnership name, by the other: *Held,* under the plea of *non est factum,* that the deed was executed by both.

· *Semble,* That it may well be doubted, whether, under the statute of Illinois, either one of two defendants can deny the execution of a contract sued on, without accompanying his plea by an affidavit denying its execution.

Where issue is taken upon a plea, it is irregular for the plaintiff subsequently to demur to it but; if the defendant joins in the demurrer, he thereby waives the irregularity.

To an action of covenant, upon an agreement entered into between two parties, containing mutual covenants, a plea averring performance, on the part of the defendants, of all and singular the obligations imposed on them, by the terms of the contract, and that the plaintiff did not perform any of the undertakings contained on his part, where the covenants of the plaintiff were conditions precedent, is bad on demurrer, for duplicity and inconsistency.

To the same action, the defendants filed another plea, averring, that they had "paid and satisfied all and all manner of charge and indebtedness, if any existed under said contract, indenture, or articles of agreement declared on, in the cause, to the said plaintiff, for all work and labor, and service performed by him, and for all materials furnished by him, for said mill or building, which said payments are embraced in the bill of particulars hereto annexed, and also other matters mentioned in said bill, as forming an indebtedness on the part of the said plaintiff to the defendants; all of which will fully and specifically appear by reference to said bill of account connected herewith, and which the defendants in this cause aver to be true and correct; and all these things the defendants are ready to verify and prove, as this Court shall direct; and they will claim and insist upon the balance that may be found due to them, on the proofs offered to sustain the charges in said bill:" *Held,* on demurrer, that the plea was bad; because, as a plea of payment, it denied all indebtedness, and as a plea of setoff, it did not show how much, and for what, the plaintiff was indebted to the defendants.

THIS cause was heard in the Court below, before the Hon. Peter Lott.

O. PETERS, for the plaintiffs in error:

1. It was erroneous to permit the plaintiff below to demur to the defendants' second and third pleas, after a joinder of the issues to the country.

The issues being joined, the defendants had a right to have them tried by a jury.

There was no waiver of the irregularity in pleading, as in the case of Lincoln *et al. v.* Cook, 2 Scam. 61.

But if the issues of fact were waived, it was error to sustain the

demurrer, because the pleas were good in substance, and should have been so held on general demurrer.

The second plea was perhaps bad for duplicity, but that defect was cured by replying, or by general demurrer to the plea. Story's Plead. 37, 52, and authorities there cited; 1 Chit. Plead.; Nye *v.* Wright, 2 Scam. 222.

When there is a demurrer to several pleas, and one plea is good, and the others bad, the demurrer will not be sustained. Stacy *v.* Baker, 1 Scam. 417.

2. The proper foundation was not laid for the admission of the deed in evidence.

One partner cannot make a deed that binds his co-partner, except in certain cases, and this is not one of those cases. He must have a special authority for that purpose to bind the firm, though he may release a debt, because that extinguishes it. Sloo *v.* State Bank, 1 Scam. 428; 2 Peters' Dig., title Partnership and Partners.

There is no proof here that Witter & Mellen were partners, nor that either was authorized to bind the firm by deed, nor that the contract was within the scope of the partnership business, nor that the other partner assented to or affirmed it afterwards.

Some evidence tending, at least, to establish these facts should have been given to lay the foundation for the admission of the deed in evidence.

E. D. BAKER and A. T. BLEDSOE, for the defendant in error.

LOCKWOOD, Justice, delivered the opinion of the Court: (1)

This was an action of *covenant*, commenced by McNiel against Witter & Mellen, in the Hancock Circuit Court. The plaintiff declared on a contract, which is set out in the declaration in *hæc verba*, purporting to be a contract entered into by Witter & Mellen, of the one part, and Israel McNiel, of the other part, by which McNiel undertook to furnish the materials and erect for Witter & Mellen, a stone steam mill building of certain specified dimensions, to be finished by a certain time, for a specified compensation. Witter & Mellen covenanted to pay $100 to McNiel, as soon as a sufficient quantity of rock was on the ground, for said building, and then, from time to time, as the work progressed, to pay the remainder of the price stipulated in the contract. The instrument of writing concludes as follows, to wit: "In testimony whereof the aforesaid parties have hereunto set their hands, and affixed their seals, the day, month, and year first above written.

"WITTER & MELLEN. [Seal.]
"ISRAEL M'NIEL. [Seal.]"

The defendants below filed pleas, as follows, to wit: Frst, *non est factum*, on which issue was joined. This plea was not accompanied by an affidavit denying the execution of the contract. The second plea avers performance of all and singular the obligations

(1) CATON and SEMPLE, Justices, did not sit in this cause, and gave no opinion.

imposed on Witter & Mellen by the terms and conditions of the contract, at the time, and in the manner agreed on, and then avers that McNiel did not perform any of the undertakings contained on his part to be performed, tends an issue to the country, which was joined by the plaintiff. The third plea is as follows: "And for a further plea in this behalf, said defendants say that the said plaintiff ought not to have or maintain his action aforesaid, because they say, that they have paid and satisfied all and all manner of charge and indebtedness, if any existed under said contract, indenture, or articles of agreement declared on in this cause, to the said plaintiff, for all work and labor and service performed by him, and for all materials furnished by him, for said mill or building, which said payments are embraced in the bill of particulars hereunto annexed; and also other matters mentioned in said bill as forming an indebtedness on the part of the said plaintiff to the defendants, all of which will fully and specifically appear by reference to said bill of account connected herewith, and which the defendants in this cause aver to be true and correct; and all these things the defendants are ready to verify and prove, as this Court shall direct, and they will claim and insist upon the balance that may be found due to them on the proofs offered to sustain the charges in said bill." The bill of particulars mentioned in this plea is not inserted in the record. To this plea the plaintiff filed a replication, denying the payment, and tendering an issue, which was joined by the defendants. Subsequently, at the same term of the Court, the plaintiff, without applying to the Court for leave, filed a demurrer to the second and third pleas, and the defendants joined.

This demurrer, the Court, after hearing arguments of counsel, sustained.

On the trial of the issue of *non est factum*, the defendants objected to the reading of the written agreement declared on, but the Court overruled the objection, and the contract was read in evidence to the jury. The plaintiff, however, in the course of the trial, proved, that the body of the agreement was in the handwriting of Witter, and the signature " Witter & Mellen" signed to said agreement was in the handwriting of Mellen. A verdict was found in favor of the plaintiff, on which judgment was rendered. To reverse this judgment, the following errors are relied on, to wit:

*First.* The Court erred in sustaining the demurrer of McNiel to the defendants' second and third pleas;

*Second.* The Court erred in permitting the plaintiff to give in evidence to the jury, the written contract set out in the plaintiff's declaration.

It was contended on the part of the plaintiffs in error, that it was erroneous for McNiel to demur to the second and third pleas, after taking issue upon them. This doubtless was irregular, but it should have been corrected in the Court below. By joining in demurrer, the plaintiffs in error waived the irregularity.

The second plea is clearly bad. It in the first place relies on covenants performed by the defendants below, and then denies that the plaintiff had performed any part of the agreement incumbent on him to perform, although his covenants were conditions precedent. This renders the plea not only double, but inconsistent, and consequently a violation of every sound principle of pleading.

The third plea is equally defective. It commences as a plea of payment and concludes as a plea of setoff, and is insufficient in both respects. As a plea of payment it is bad because it indirectly denies all indebtedness. As a plea of setoff, it is defective, in not showing how much and for what McNiel was indebted to the defendants below. The objection to receiving the contract in evidence, is founded upon the principle that one partner cannot bind his co-partner by deed. This principle has no application to this case.

The defendants below were described in the contract as "Witter & Mellen," and these names are subscribed to the contract, with a seal affixed. It may well be doubted, whether, under our practice act, either of the defendants below, under the plea of *non est factum*, can, on trial, deny the execution of the written contract, without accompanying his plea with an affidavit that he did not execute the contract. Be this as it may, however, the proof subsequently adduced was sufficient to show that both of the defendants below participated in making the contract; one of them by drawing the contract, and the other by signing the name of the firm to it. This evidence cured the error, if any existed, in admitting the contract to be read to the jury as evidence.

In the case of Ball *v.* Dunsterville, (1) it was held, "that if one partner, in a transaction, seal a deed with one seal, for and on behalf of himself and his partner, and by authority and in the presence of the other, the execution of it is a good execution of the deed for both." In the case of McKay *v.* Bloodgood, (2) the Court says, "It has always been held that one piece of wax may serve for several grantors, and that another person may seal for the obligor," and cites Perkins, § 134. The Supreme Court of New York, also, held, "that where one of the defendants sealed the bond, with one seal, for himself and his partner, with the consent of his partner, and after the partner had seen and approved of the bond, and while he was about the store, at the time of the execution, was evidence sufficient to carry the cause to the jury, and to justify them in finding it the deed of both." In the case of Davis *v.* Burton *et al.,* (3) decided at the July term, 1841, by this Court, the doctrine in relation to the execution of sealed instruments is reviewed, and the Court arrives at the conclusion, that where several parties sign an instrument in writing, and there are a less number of seals than signatures, that the Court will presume that all the signers adopted

(1) 4 T. R. 317.   (2) 9 Johns. 284.   (3) *Ante* 41.

some of the seals affixed to the instrument, and that the obligors will be left to rebut that presumption, by plea and issue. These decisions are conclusive, that the contract was correctly received in evidence. Other errors are assigned, but as they do not appear to be relied on in the written argument of the plaintiffs in error, it is unnecessary to notice them.

The judgment of the Court below is affirmed with costs.

*Judgment affirmed.*